UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SEBASTIAN REGINO LOPEZ-TIPAZ, § § Petitioner, § § VS. § CIVIL ACTION NO. 4:25-CV-04905 § KRISTI NOEM, *et al.*, § § Respondents. § | |

## ORDER

Before the Court are Petitioner Sebastian Regino Lopez-Tipaz's Petition for Writ of Habeas Corpus (Doc. #1), Respondents' Answer and Motion for Summary Judgment (Doc. #8), and Petitioner's Response (Doc. #11). The Court heard oral argument on November 12, 2025. Having considered the parties' arguments and the applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

**I.  Background**

Petitioner Sebastian Regino Lopez-Tipaz ("Petitioner") is a citizen of Guatemala. Doc. #8, Ex. 1 ¶ 7. Petitioner entered the United States on or about July 10, 2019. Doc. #1 ¶ 34. Petitioner was placed into removal proceedings on September 19, 2019. Doc. #8, Ex. 1 ¶ 13. On November 13, 2019, Petitioner was issued a bond in the amount of $15,000. *Id.* ¶ 14. Two days later, Petitioner was released on bond. *Id.* ¶ 15. On October 21, 2022, Petitioner filed a U-Visa with the U.S. Citizenship and Immigration Services ("USCIS") seeking protection as a victim of a crime. Doc. #1 ¶ 37. Based on that pending application, the Immigration Court administratively closed Petitioner's removal proceedings. *Id.* During the November 12th hearing, the parties confirmed

that Petitioner's U-Visa remains pending before the USCIS.

On September 5, 2025, ICE was conducting a "target enforcement" operation in Victoria, Texas when ICE officers encountered Petitioner and took him into custody. Doc. #8, Ex. 1 ¶ 17. Petitioner's bond was cancelled later that same day. *Id.* On September 11, 2025, Petitioner was transferred to the Joe Corley Processing Center in Conroe, Texas, where he remains detained. *Id.* ¶ 18. On October 14, 2025, Petitioner filed the instant Petition for Writ of Habeas Corpus before this Court. Doc. #1. On November 3, 2025, a records check indicated that Petitioner had no criminal record on file other than his unlawful entry into the United States in 2019. Doc. #8, Ex. 1 ¶ 20. On November 5, 2025, Respondents moved for summary judgment. Doc. #8. The Court heard oral argument on November 12, 2025.

## II. Legal Standards

### a. Federal Rule of Civil Procedure 56

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact." *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 915 (S.D. Tex. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If that burden is met, "the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial." *Id.* (citing FED R. CIV. P. 56(e)). Courts must "construe[] 'all facts and inferences in the light most favorable to the nonmoving party.' Summary judgment may not be thwarted by conclusional allegations,

unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010)).

### b. Petition for Writ of Habeas Corpus

To be entitled to the issuance of a writ of habeas corpus, a habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)); also citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

## III. Analysis

Respondents move for summary judgment, arguing that (1) Petitioner failed to exhaust his administrative remedies; and (2) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. #8 at 7–17. The Court will address each argument in turn.

### a. Exhaustion of Administrative Remedies

Respondents first argue that the Petition for Writ of Habeas Corpus should be denied because Petitioner failed to exhaust his administrative remedies. Doc. #8 at 7–10. In the immigration context, "exhaustion of administrative remedies is statutorily required only on appeals from final orders of removal." *Hniguira v. Mayorkas*, No. CV H-23-3314, 2024 WL 1201634, at *6 (S.D. Tex. Mar. 20, 2024) (citing 8 U.S.C. § 1252(d)(1)). Here, Petitioner is not seeking review of a final removal order. Accordingly, exhaustion is not statutorily required in this case. *See*

*Fuentes v. Lyons*, 5:25-cv-153, at 5–6 (S.D. Tex. Oct. 16, 2025) (holding the same under similar factual circumstances).

Nevertheless, Respondents argue that Petitioner should have requested a bond-determination hearing after being taken into custody. Doc. #8 at 8. In his Response, Petitioner argues that he should not be required to pursue actions that are patently futile. Doc. #11 at 9–11. He highlights the internal inconsistency in Respondents' position: on one hand, they fault him for not seeking a bond hearing before an Immigration Judge, while on the other, they claim that an Immigration Judge lacks jurisdiction to hear his bond request. *Id.* at 12–13. Petitioner further argues that directing him back to an Immigration Judge who has already examined the facts of his case and previously granted bond would be an "unnecessary hurdle." *Id.* at 12.

The Court agrees. Although exhaustion is generally required before administrative actions are subject to federal judicial review, "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). As the parties have noted, the Board of Immigration Appeals ("BIA") has recently held that Immigration Judges lack authority to consider bond requests from noncitizens "who are present in the United States without admission." *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 (BIA 2025). Requiring Petitioner to pursue a bond request while Respondents also contend that he is subject to mandatory detention under 8 U.S.C. 1225(b)(2)(A) would be a patently futile course of action. *See Fuentes*, 5:25-cv-153, at 6–7 (holding the same). Accordingly, exhaustion does not bar the Court's review.

### b. Statutory Authority to Detain Petitioner

Respondents next argue that the Petition for Writ of Habeas Corpus should be denied because Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. #8 at 10–17. The Court notes that this case is one of many recent lawsuits filed challenging the federal government's authority to detain noncitizens during the pendency of removal proceedings under 8 U.S.C. § 1225(b). *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025) (noting the "tsunami" of similar cases filed nationwide). Two statutes principally govern the detention of noncitizens awaiting removal proceedings: 8 U.S.C. §§ 1225 and 1226. The central question at issue in this case is whether Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2)(A), which mandates detention during removal proceedings, or whether he instead falls under 8 U.S.C. § 1226(a), which authorizes discretionary detention and affords a bond hearing before an Immigration Judge.

Petitioner argues that he has been misclassified and is subject to discretionary detention under 8 U.S.C. § 1226(a), which is the default provision for noncitizens who previously entered and are now residing in the United States. Doc. #11 at 13–14. Respondents maintain that 8 U.S.C. § 1225(b)(2)(A) controls because Petitioner is an "applicant for admission" and is therefore subject to mandatory detention. Doc. #8 at 4–5. "[F]or decades the courts and DHS have interpreted § 1225(b)(2) to apply to noncitizens who seek admission upon arrival at ports of entry or near the border, and have interpreted § 1226(a) to apply to noncitizens already present in the United States." *Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521, at *5 (S.D. Tex. Nov. 14, 2025). The vast majority of district courts to address this statutory question have "concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice." *Fuentes*, 5:25-cv-153, at 10 (quoting

5

*Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025)); *see, e.g., Buenrostro-Mendez*, No. CV H-25-3726, 2025 WL 2886346, at *3; *Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097, at *4 (S.D. Tex. Oct. 8, 2025) (collecting cases). By contrast, at least one court within the Southern District of Texas has accepted Respondents' broader view of 8 U.S.C. § 1225(b)(2)(A). *See Cabanas v. Bondi*, No. 4:25-CV-04830, 2025 WL 3171331, at *5 (S.D. Tex. Nov. 13, 2025) ("That Petitioner has resided in the United States without valid permission for years . . . doesn't render § 1225(b)(2)(A) inapplicable.").

With this disagreement noted, the Court finds that the weight of authority supports applying 8 U.S.C. § 1226(a) to individuals like Petitioner who have long been present in the United States. *See Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *7 (W.D. Tex. Sept. 22, 2025) (collecting cases). Here, Petitioner entered the United States more than six years ago, and his removal proceedings have been administratively closed due to his pending U-Visa application. The Court finds that these facts place him outside the category of individuals "seeking admission" under the plain terms of § 1225(b)(2)(A). Furthermore, nothing in the record suggests that Petitioner poses any threat to the security or safety of the United States. Indeed, the Deportation Officer assigned to Petitioner's case confirmed that Petitioner has no criminal history other than his unlawful entry. Doc. #8, Ex. 1 ¶ 20.

Consistent with its prior decisions addressing the same legal question, the Court concludes that Petitioner is detained under 8 U.S.C. § 1226(a) and that his continued detention without a bond determination renders his detention unlawful. *See Ortega-Aguirre v. Noem, et al.*, No. 4:25-cv-4332, at 3–5 (S.D. Tex. Oct. 10, 2025) (holding the same); *Ascencio-Merino v. Dickey et al.*, No. 4:25-cv-4904, at 3 (S.D. Tex. Oct. 21, 2025) (same); *Gamez-Chinchilla v. Dickey et al.*, No. 4:25-cv-4427, at 3 (S.D. Tex. Oct. 29, 2025) (same). In habeas proceedings, a district court has

equitable discretion in determining the appropriate remedy "as law and justice require." *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). Consistent with its prior decisions addressing similar circumstances, the Court finds that the appropriate remedy is immediate release. *See Ortega-Aguirre*, No. 4:25-cv-4332, at 7–8 (ordering the same); *Ascencio-Merino*, No. 4:25-cv-4904, at 5 (same); *Gamez-Chinchilla*, No. 4:25-cv-4427, at 5 (same).

For the foregoing reasons, Respondents' Motion for Summary Judgment (Doc. #8) is DENIED. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1. It is hereby ORDERED that:

1. Respondents shall effect Petitioner's immediate release from custody within forty-eight (48) hours of entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas, and his counsel shall be given notice of the time and place of his release;
2. Petitioner shall comply with all reporting requirements set by ICE, as well as ankle monitoring at the discretion of ICE, while his removal proceedings remain pending;
3. This Order may be served by facsimile, email, or any other means reasonably calculated to provide immediate notice.

It is so ORDERED.

**NOV 2 5 2025**
Date

The Honorable Alfred H. Bennett
United States District Judge